**LOUIE TIN et al. v. NAGLE, Commissioner of Immigration: \***

Circuit Court of Appeals, Ninth Circuit. March 19, 1928.

No. 5286.

Aliens ⊚⇒32(8)—Previous conflicting testimony of alleged father and uncle of Chinese applicant concerning collateral family matter warranted immigration officers in discrediting their testimony.

Contradictory testimony of alleged father and uncle of petitioner in former immigration proceedings, regarding collateral family matter which witnesses should have known, *held* to warrant immigration officers in discrediting their testimony in exclusion proceedings, notwithstanding conflict was removed.

Appeal from the District Court of the United States for the Southern Division of the Northern District of California; A. F. St. Sure, Judge.

Petition by Louie Tin and another for writ of habeas corpus, opposed by John D. Nagle, as Commissioner of Immigration for the Port of San Francisco. From an order denying the petition, petitioners appeal. Affirmed.

Geo. A. McGowan, of San Francisco, Cal., for appellants.

Geo. J. Hatfield, U. S. Atty., and T. J. Sheridan, Asst. U. S. Atty., both of San Francisco, Cal., for appellee.

Before GILBERT, RUDKIN, and DIETRICH, Circuit Judges.

RUDKIN, Circuit Judge. This is an appeal from an order denying a petition for a writ of habeas corpus. The application of the appellant for admission to the United States was supported by his own testimony and by that of the alleged father and an alleged uncle. The credibility of the latter

\*Rehearing denied April 30, 1928.

two was seriously impaired by contradictory testimony given by them in other immigration proceedings a number of years ago.

The alleged father was first admitted to the United States in 1909. He returned to China in 1915, claiming at that time that he had one son, 7 years of age, born after he left China on his first trip. He again returned to this country in 1920, then claiming that he had two additional sons, born during his last stay in China. Two brothers, Louie Hoey and Louie Hock, also testified that the alleged father had the three sons as claimed by him. Soon after the admission of the alleged father in 1920, another brother, the supporting witness here, applied for admission and testified that the alleged father had but one son in China. His attention was then directed to the claim of the alleged father that he had three sons, but the brother still maintained that he had but the one. Thereupon the two brothers who had testified in support of the application for admission of the alleged father in 1920 filed affidavits to the effect that the alleged father had in fact but one son, as testified to by the brother, that upon his return to this country in 1920 he falsely claimed that he had three sons, and to protect him the two affiants testified to the same number of sons and to the same effect.

On the hearing of the present application the alleged father again maintained that he had three sons, the two younger ones having died in China. The brother who testified in 1920 that there was but one son changed his testimony, and supported that of the alleged father, and the appellant testified to the same effect. The weight of the testimony would seem to indicate that the alleged father never had but one son, and such seems to be the view of counsel for the appellant, because in his brief before the Board of Review he attributed the testimony given by the alleged father in 1920 to his then physical and mental infirmities.

If the alleged father never had but the one son, it follows as a matter of course that the testimony given by all three witnesses in this case was in part willfully and intentionally false, and, if such be the fact, it will hardly be claimed that the immigration officers were bound to accept other portions of their testimony at its face value. Tang Tun v. Edsell, 223 U. S. 673, 32 S. Ct. 359, 56 L. Ed. 606.

The order is affirmed.